IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,896-01






EX PARTE THOMAS CREECH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR6350-A IN THE 424TH DISTRICT COURT


FROM LLANO COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to seventy-five years' imprisonment. The Third Court of Appeals dismissed his appeal. 
Creech v. State, No. 03-12-00707-CR (Tex. App.--Austin 2012, no pet.).

 Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file a notice of appeal. We remanded this application to the trial court for findings of fact and
conclusions of law.

 The trial court has determined that counsel failed to timely file a notice of appeal. We find
that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of
conviction in cause number 6350 from the 424th District Court of Llano County. Applicant is
ordered returned to that time at which he may give a written notice of appeal so that he may then,
with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion,
the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall immediately appoint an attorney to represent
Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed
on the date on which the mandate of this Court issues. We hold that, should Applicant desire to
prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court
within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: October 23, 2013

Do not publish